**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**In re:**

| | |
|---|---|
| **ROCIO ROBERTSON** <br> **a/k/a ROCIO VELILLA,** | **BANKRUPTCY** <br> **CASE NO.: 8:09-bk-20164-KRM** |
| Debtor. | **CHAPTER 7** |

_____/

**V. JOHN BROOK, as Chapter 7
Trustee of the estate of ROCIO
ROBERTSON a/k/a ROCIO
VELILLA,**

      Plaintiff,

v.

**ADVERSARY
PROCEEDING NO.: _____**

**BANK OF AMERICA, N.A., a national
banking association f/k/a COUNTRYWIDE
HOME LOANS,**

      Defendant.
_____/

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES**

**COMES NOW** Plaintiff, V. John Brook, the Chapter 7 Trustee of the bankruptcy estate of Rocio Robertson a/k/a Rocio Velilla, by and through the undersigned law firm, and sues Defendant Bank of America, NA, a national banking association f/k/a Countrywide Home Loans, and alleges as follows:

**PRELIMINARY STATEMENT**

1.    On or about September 8, 2009 (the "Petition Date"), the Debtor, Rocio Robertson a/k/a Rocio Velilla, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2.    Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

3.    The Court has jurisdiction and it is proper for this court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4.    Plaintiff, V. John Brook ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Rocio Robertson a/k/a Rocio Velilla ("Robertson" or "Debtor").  Robertson is a natural person resident in the City of Tampa, County of Hillsborough, State of Florida, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Bank of America, N.A., a national banking association, f/k/a Countrywide Home Loans ("Defendant" or "BOA"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a person under Fla. Stat. § 559.72.

6.    All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

7. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8. Schedule D of the Debtor's bankruptcy schedules lists Defendant as a creditor for account number ending 3391 in the amount of $49,985.00 as owed to the Defendant (the "Alleged Debt").

9. The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on October 14, 2009.

10. It was the testimony of the Debtor, <u>sworn</u> and <u>under</u> <u>oath</u> at the 341 Hearing, that:

 a) Defendant made multiple collection calls on multiple days in multiple weeks over multiple months from May 1 to June 30, 2009 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

 b) Defendant made the Collection Calls to the Debtor before 8:00 a.m. multiple times in multiple weeks over multiple months attempting to collect the Alleged Debt.

11. Defendant (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months from May 1 to June 30, 2009 to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to the Debtor before 8:00 a.m. multiple times in multiple weeks over multiple months attempting to collect the Alleged Debt.

## COUNT I

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT BOA

12. This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq*.

13. Plaintiff re-alleges and incorporates paragraphs 1 through the end of the Factual Allegations section, as if fully set forth herein.

14. The Alleged Debt alleged to be due and owed is a "consumer debt," as defined by Fla. Stat. § 559.55(1), in that some or all of the debt is an obligation allegedly incurred by Debtor for personal, family or household purposes.

15. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

16. Defendant communicated certain information to Debtor through the Collection Calls, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

17. Fla. Stat. § 559.72 provides, pertinent in part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

18. Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months from May 1 to June 30, 2009 to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to the Debtor before 8:00 a.m. multiple times in multiple weeks over multiple months attempting to collect the Alleged Debt; all of which is a willful communication with the Debtor

with such frequency that Defendant could reasonably expect such communication to harass Debtor, or which is a willful engagement by Defendant in other conduct which could reasonably be expected to abuse or harass Debtor.

19. Fla. Stat. § 559.72 provides, pertinent in part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist

20. Defendant violated Fla. Stat. § 559.72(9) when Defendant (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months from May 1 to June 30, 2009 to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to the Debtor before 8:00 a.m. multiple times in multiple weeks over multiple months attempting to collect the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt by unfair and deceptive practices, which is a right Defendant knows does not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9).

21. Fla. Stat. § 559.72 provides, pertinent in part:

In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

22. Defendant violated Fla. Stat. § 559.72(17) when Defendant (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months from May 1 to June 30, 2009 to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to the Debtor before 8:00 a.m. multiple times in multiple weeks over multiple months

attempting to collect the Alleged Debt; which are communications with Debtor between 9 p.m. and 8 a.m. without Debtor's prior consent.

23.     As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for his actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

24.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

25.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff his actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

Dated:  January 28, 2010.

Respectfully Submitted,
**LASH & WILCOX PL**
4006 S. MacDill Avenue
Tampa, Florida 33611
Phone: 813.832.3100
Facsimile: 813.832.5205

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee