UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

**ROCIO ROBERTSON**  Case No. 8:09-bk-20164-KRM
a/k/a Rocio Velilla  Chapter 7

     Debtor.
_____/

**V. JOHN BROOK,** as Chapter 7 Trustee
of the estate of ROCIO ROBERTSON
a/k/a Rocio Velilla  Adv. Pro. No. 8:10-ap-00100-KRM

     Plaintiff,

v.

**BANK OF AMERICA, N.A.**
f/k/a Countrywide Home Loans, Inc.,

     Defendant.
_____/

**MOTION OF BANK OF AMERICA, N.A.**
**TO DISMISS ADVERSARY PROCEEDING**

Defendant Bank of America, N.A. (**BAC**) moves the Court for the entry of an Order dismissing this adversary proceeding on the grounds set forth herein and respectfully states as follows:

**I. Introduction**

Plaintiff's adversary complaint must be dismissed for lack of subject matter jurisdiction and because plaintiff fails to demonstrate any basis for relief from this Court under the claims he asserts. The adversary complaint contains one count alleging that BAC violated the Florida Consumer Collection Practices Act, FLA. STAT. §§ 559.55-.785 (**FCCPA**) by attempting to collect an illegitimate debt by harassing means. Plaintiff also claims damages under the FCCPA alleging BAC contacted the debtors to collect a debt after they allegedly attempted to inform

{TP606700;1}

BAC they were represented by counsel. All of these claims fail because they fall outside the Court's subject matter jurisdiction as "non-core," and are preempted by the Bankruptcy Code. These claims are further defective for the additional reason that they fail to state a claim upon which relief may be granted because plaintiff has not adequately alleged BAC knew the debtors were represented in relation to the mortgage loan and plaintiff fails to show any actual injury to the debtors resulting from the conduct alleged.

Simply put, none of plaintiff's claims are viable as a matter of law. The FCCPA claim is "non-core," placing it outside the Court's subject matter jurisdiction. The FCCPA claim is also preempted in this Court by the provisions of the Bankruptcy Code. Plaintiff could not plead a claim in any event because his allegations that BAC knew of the debtors' counsel are legally inadequate and the debtors have not been harmed.

For these reasons, expanded below, dismissal with prejudice is required.

## II.  Case Background

The plaintiff filed a one-count action alleging that the Defendant's efforts to collect a debt owed by the debtors violated Fla. Stat. §§ 559.72(7), (8), (9) and (18). As set forth below, the Court should dismiss this case based upon lack of subject matter jurisdiction and preemption, or in the alternative the Court should abstain from hearing this matter. In addition, the Complaint fails to state a cause of action.

## III.  Legal Argument

**A. The Court Lacks Jurisdiction**

The claim asserted by plaintiff, based on the Fla. Stat. §559.72, the Florida Consumer Collection Protection Act (**FCCPA**), is a non-core state law action. Therefore, the Court lacks subject matter jurisdiction to consider plaintiff's cause of action. Fundamentally, bankruptcy courts are courts of limited jurisdiction. *See* 28 U.S.C. § 1334(b). The Bankruptcy Court's

subject matter jurisdiction is limited to title 11 cases and to proceedings arising under, arising in, or related to a title 11 case. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990).

In *Miller,* the Eleventh Circuit adopted the test for "related to" jurisdiction. The Court held that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id*. at 788. Every jurisdictional analysis in bankruptcy involves a two step process, the first is whether the Court has at least "related to" jurisdiction; and the second, whether the proceeding is core or non-core. In core proceedings, the Bankruptcy Court can exercise full judicial power, while in non-core proceedings the Bankruptcy Court can only exercise limited power.[1]

A core proceeding is defined in 28 U.S.C. § 157 as one involving a right created by federal bankruptcy law or a proceeding that would arise only in bankruptcy.

The instant case does not involve either.  Plaintiff's claim is clearly  non-core and its only possible "relationship" to the administration of the estate is the argument that should plaintiff prevail and obtain a recovery for the estate, this recovery would conceivably benefit the bankruptcy estate. This argument must be rejected.

Even assuming *arguendo* that plaintiff were to prevail, the nominal amount of damages awarded under the Florida statute (i.e. $1,000) is of *de minimis* value, and likely none of this small amount would be distributed to the creditors of the estate. This action is non-core, and is not sufficiently related to a title 11 case to support this Court's exercise of subject matter jurisdiction.

If the Court were inclined to extend its jurisdiction, the Court should nevertheless exercise its discretion to abstain from hearing this state law cause of action. Under 28 U.S.C. § 1334(c)(1), the Court has broad authority to abstain from hearing a particular proceeding arising in Title 11 or related to a case under Title 11. The Court is allowed to exercise "permissive" abstention in the interest of justice, *In re United Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2001), and in the interests of comity with state courts or to respect state law. *Annicott Excellence v. Singer*, 264 B.R.756 (Bankr. M.D. Fla. 2001). In *Annicott*, the Court set out twelve abstention factors :

*a.   **The effect of abstention on the efficient administration of an estate**.*

The Trustee and the U.S. Trustee would have to expend resources to administer a what could at best be a small dollar case which likely would provide no benefit to unsecured creditors. By abstaining, the Court will not effect the efficiency of the administration of the estate. In fact, the Court will increase the efficiency of the administration of the estate because the Court will not have to decide the state court issues related to the pre-petition collection activity, which would delay the administration of the estate.

*b.   **The extent to which state law issues predominate over bankruptcy issues.***

Plaintiff's action alleges violations of Fla. Stat. §559.72. No federal cause of action has been asserted, and Florida law controls all aspects of the alleged violations. A state court has jurisdiction to hear this case under Fla. Stat. §559.72, and the Defendant is subject to a state court's jurisdiction under Fla. Stat. § 48.193.

*c.   **The difficulty or unsettled nature of applicable law**.*

This factor weighs in favor of the Court exercising its right to abstain from hearing this action because there are no unique questions to which a federal court need answer. Florida law has not developed a bright line test for the issue presented (i.e. how many collection calls is too

many, and thus constitute harassment under Section 559.72). The interpretation of this Florida statute should take place in state court. *Sutherland v. Smith*, 142 B.R. 980, 981 (M.D. Fla. 1992) *In re Talisman Marina*, 385 B.R. 329 (Bankr. M.D. 2008) (citing *In re Davis*, 899 F. 2d 1136, 1140-41 (11th Cir. 1990).

d    ***The presence of a related proceeding pending in a state court or other nonbankruptcy forum.***

There is no pending state court action.

e.    ***The existence of any non-bankruptcy basis for federal jurisdiction.***

No reason exists for this matter to be heard by a federal court, either inside or outside of the bankruptcy proceeding. The action does not contain any remote possibility of a federal statute or federal question which would give rise to federal jurisdiction under 28 U.S.C. § 1331. In fact, plaintiff's action is based entirely on state law.

f.    ***The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.***

At best, this proceeding is "related" to the main bankruptcy case, but cannot be consider a case that "arises under" or "arises in" a Title 11 case. The alleged violations are a pure state law claim. When a court proceeding is grounded in state law and has limited connection to a debtor's bankruptcy proceeding, a court should abstain in the interest of comity and respect for state court laws. This proceeding's remoteness far outweighs any indicia of relating to or arising under the main bankruptcy case.

g.    ***The substantively "core" or " non-core" nature of the proceeding.***

For the Court to consider this action, it must be of a "core" nature to the bankruptcy case. A core proceeding "spring[s] from the operation and application of the Bankruptcy Code, and would not have an existence outside a bankruptcy case." Clearly, an action for violation of a Florida Statute does not "spring up" from the operation of title 11. Plaintiff's cause of action is

not a core proceeding. Plaintiff's claim stands on its own legs in a state court, and does not need a bankruptcy 6 proceeding to justify its existence. Consequently, this factor weighs in favor of this Court abstaining.

**h.**     ***The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court***.

In this proceeding, there are no core bankruptcy matters to sever because the Defendant does not intend to assert any counter or third party claims (other than assert its right of set-off).

**i.**     ***The burden of leaving the proceeding on the Bankruptcy Court's docket.***

By asking the Court to hear this action, plaintiff places an additional burden on the Court's already crowded docket. The Defendant notes that the dockets in other cases indicate that plaintiff's counsel has filed a large number of similar adversary actions in the Tampa Division. When this case is taken into consideration with all the similar pending adversary proceedings, it is obvious that a significant burden is being placed on the Courts in this Division by plaintiff. Additionally, this proceeding could potentially take significant time for trial, which would be burdensome for this Court to schedule. Florida state courts have streamlined procedures to handle small claims matters, including available mediators, is the best arena to hear the causes of action raised by plaintiff in the Complaint.

**j.**     ***The likelihood that the proceeding ended up in Bankruptcy Court as the result of forum shopping by one of the parties***.

Plaintiff clearly had the choice to file this action in state court, but chose not to do so. One apparent reason for filing this action in Bankruptcy Court is that the Trustee (or his counsel) is not required to pay a filing fee in this Court, whereby the Trustee would have to do so in state court.

*k.*     *The existence of a right to jury trial.*

Pursuant to Fla.R.Civ. Pro 1.430, either party is entitled to demand a jury trial. Bankruptcy case law acknowledges the importance of a right to *In re United Container*, 284 B.R. 162 (Bankr. S.D. Fla. 2002). *See In re Asousa*, 264 B.R. 376, 396 (Bankr. E. D. Pa. 2001)(given the significance of the right to trial by jury, its loss by [judge's] retention of this case weighs heavily in favor of abstention). Since almost all consumer protection lawsuits filed in state court demand a jury trial, plaintiff's filing in this Court (where a jury trial is not available) is indeed curious, and again is indicative of forum shopping.

*l.*     *The presence of non-debtor parties*.

The debtors are not a party to this action, and will derive no benefit for this action. In addition to these abstention factors, courts also consider whether the action could be timely adjudicated in state court. bankruptcy court take several factors into consideration when deciding whether or not an action can be "timely adjudicated" in a state courts.  These factors include: (1) the backlog of state court and federal court calendars; (2) the status of proceeding in state court prior to being removed; (3) the status of the proceeding in bankruptcy court; (4) the complexity of the issues to be resolved; (5) whether the parties consented to bankruptcy court's entering judgment if proceeding is non-"core" proceeding; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is reorganization or liquidation case.

When all of these factors are applied to the instant case, the conclusion is that this action can be timely adjudicated in state court. While there is no doubt both federal and state courts have busy calendars, this case is better adjudicated in state court because Florida's County Courts have streamlined procedures to handle small claims matters, including available mediators. *Perry v. Florida Trucking Co.*, 2010 WL 299255 (M.D. Fla. 2010)(J. Whittemore).

In *Perry*, after removal by the bankruptcy court, the defendant moved to remand. The district court agreed, finding the case (a) had no independent basis for federal jurisdiction other than 28 U.S.C. Section 1334(b), (b) the claim was non-core, and (c) the action could be timely adjudicated in state court. The court exercised its discretion under Section 1334(c)(1) and remanded the case back to state court. *See, e.g., In re Talisman Marina, Inc*., 385 B.R. 329 and 385 B.R. 338 (Bankr. M.D. Fla. 2008)(J. Paskay); *In re Brooks*, 389 B.R. 790 (Bankr. M.D. Fla. 2008)(C.J. Glenn)(matter heard by the state court will not hinder the administration of the estate). Based on the facts and the law, as well as authority in this District, the Court should exercise its discretion and abstain from this matter.

**B.    The Complaint Fails to State a Cause of Action.**

The allegations in the Complaint do not provide a sufficient basis for a claim under Fla. Stat. §559.72. The allegations are conclusory, and not based on sufficiently pled facts. The law is clear that plaintiff must plead specific facts to support such conclusory allegations, including the allegations of knowledge or intent. *See In re Lamb*, 409 B.R. 535 (Bankr. N.D. Fla. 2009)(Court dismissed debtor's FCCPA claim based on conclusory allegations in the complaint); *In re Cooper*, 253 B.R. 286 (Bankr. N.D. Fla. 2000). In *Cooper*, the Court noted: The Florida Consumer Credit Practices Act (FCCPA) is narrower in scope than the federal act. F.S. § 559.72(9) states that in collecting debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of a legal right when that person knows that the right does not exist. The use of the word "knows" requires actual knowledge of the impropriety or overreach of a claim. The FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action. *Kaplan v. Assetcare, Inc., et al.*, 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000). The court will not enter judgment under this act without more than the conclusory allegations of a plaintiff. *Gill v.*

*Kostroff,* 82 F.Supp.2d 1354, 1361, 1366 (M.D. Fla. 2000). *Felgenhauer v. Bonds*, 891 So.2d 1043 (2nd DCA Fla. 2004).

The Complaint also alleges facts which are too vague to allow the Defendant to file a response. Allegations of "multiple calls on multiple days over multiple weeks, etc." does not provide sufficient information to either support the alleged cause of action, or to allow the Defendant to respond. In the alternative, plaintiff should provide a more definite statement of particulars regarding the alleged calls made by **this Defendant**. This point is particularly relevant given plaintiff's allegations that BAC made repeated calls for "weeks and months" when the only specific time period mentioned in the complaint cover only parts of May 1, 2009 through June 30, 2009.

C.       **Plaintiff Cannot Demonstrate Any Basis For Relief—No Knowledge or Injury.**

Under the analogous Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (**FDCPA**), any alleged claim must be premised on the creditor's <u>actual</u> knowledge, not constructive or imputed knowledge, that there is legal representation as to the particular debt at issue. Legal representation as to any other debt, or legal representation in general, will not suffice. *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991) (affirming summary judgment for debt collector on section 1692c claim, based on lack of knowledge of legal representation on debts of $22.56 and $20.00, where the debt collector only had actual knowledge of legal representation on debt of $80). A debt collector is not required to assume that an attorney representing a consumer with respect to one debt is also representing the consumer with respect to all other debts. *Robinson v. Transworld Sys., Inc.,* 876 F. Supp. 385, 390 (N.D.N.Y. 1995); *Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135 (D. Kan. 2004).

That requirement renders plaintiff's complaint defective because plaintiff has not alleged that BAC had actual knowledge that he was represented by an attorney with respect to the

mortgage loan debt at issue. He alleges only, generally, that he verbally informed BAC that was represented by an attorney. That does not satisfy the requirements of the FCCPA.

Further, in order to sustain his alleged claims, plaintiff must, as a matter of jurisdiction and standing, include some allegations of actual injury. *See In re Alcantra*, 389 B.R. 270, 275 (Bankr. M.D. Fla. 2008) (Glenn, C.J.). As the *Alcantra* court stated :

> Article III of the Constitution provides that federal courts may only hear cases or controversies. U.S. Const. Art. III, sec. 2, cl.1. Standing is an essential part of the case or controversy requirement. The constitutional minimum requirements of standing require a plaintiff to demonstrate (1) an injury in fact; (2) that the injury is fairly traceable to the alleged misconduct of the defendant; and (3) that a favorable decision is likely to redress the injury. The Supreme Court has also made clear that an "injury in fact" must be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Elaborating on the injury in fact requirement, *Alcantra* further held :

> In a frequently cited Eleventh Circuit case, *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984-985 (11th Cir.1990), the Court reviewed the constitutional requirements for standing, as set forth above. With regard to the "actual injury" requirement the Court stated, "First, the party asserting standing must have suffered actual injury or show the imminence of such injury. [Citations omitted ] Abstract *276 harm is insufficient; the litigant must establish 'actual or threatened injury.' [Citations omitted ]" *Id*. at 984.

This plaintiff's vaguely alleged emotional distress-type injuries do not pass constitutional muster by demonstrating the requisite injury in fact—nor are such claimed damages recoverable. *See In re Harris*, 374 B.R. 611, 617 (Bankr. N.D. Ohio 2007). There the court held :

> Moreover, even if the Debtor did incur damages as the result of emotional distress, it is highly questionable whether, as a legal matter, such damages are recoverable. In the case of *United States v. Harchar*, a decision from the District Court of the Northern District of Ohio, it was held that damages for emotional injuries are not "actual damages" for purposes of awarding damages for a willful violation of the stay under § 362. *Id.*

Plaintiff's complaint should be dismissed because he cannot show any cognizable injury in fact to warrant the exercise of this Court's jurisdiction or sustain the award of any relief.

**D.    BAC does not Consent to the entry of a money judgment by the Bankruptcy Court**

The Complaint requests the entry of a money judgment against BAC but BAC does not consent to the entry of a money judgment by the bankruptcy court. In the event the court considers this case, the court has no authority in this non-core action to enter a final judgment in favor of plaintiff. In non-core proceedings, bankruptcy courts can only submit proposed findings of fact and conclusions of law, and cannot enter a final order or judgment. *In re Toledo*, 170 F.3d 1340, 1347 (11 Cir. 1999); *In re Baron Capital Properties, L.P.*, 343 B.R. 329 (Bankr. M.D. Fla. 2006)(J. Paskay)("absent the consent of the parties, this Court could not render a final judgment. In non-core proceedings related to a bankruptcy case, a bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court, which then enters a final order or judgment upon a de novo review. 28 U.S.C. § 157(c)(1)"); see also Bankruptcy Rule 9033. *See also WFTV, Inc. v. Hinn*, 705 So.2d 1011 (Fla. 5th DCA 1998); *See Harris v. Beneficial Finance Co. of Jacksonville*, 338 So.2d 196, 200 (Fla. 1976); *see also, Ugarte v. Sunset Const., Inc.*, 2008 WL 4723600, 4 (M.D. Fla. October 21, 2008)("To obtain punitive damages for violation of the FCCPA, Plaintiff must show that Defendant acted with malicious intent"); *Simmons v. Washington Mutual Finance, Inc.*, 2007 WL 641101, 2 (M.D. Fla. 2007)

**E.    The Plaintiff's request for punitive damages should be Stricken**

Plaintiff must satisfy the requirements of Fla. Stat. § 768.72 before this Court can consider granting plaintiff leave to even assert a claim for punitive damages. *See Potter v. S.A.K. Dev. Corp.*, 678 So.2d 472, 473 (Fla. 5th DCA 1996)("what the statute requires is that a plaintiff who has pleaded punitive damages must offer a reasonable evidentiary basis for punitive damages and obtain an order authorizing the maintenance of the punitive damage claim ....").

The Florida Supreme Court has differentiated between conduct which subjects a party to liability for actual or statutory damages and conduct which subjects it additionally to

conventional punitive damages – the former remedy is appropriate when willfulness is shown but 'the legal standard of malice is not met' and the latter sanction is applied when 'malicious intent' is proved. *Story v. J. M. Fields, Inc.*, 343 So.2d 675, 677 (Fla. 1st DCA 1977)("Malice…imports a wrongful act done to inflict injury or without a reasonable cause or excuse"). The District Court decided a case factually analogous to the instant case involving a punitive damage claim. In *Simmons v. Washington Mutual Finance, Inc.*, 2007 WL 641101, *2 (M.D. Fla. 2/26/2007), the Court was faced with a motion to remand a FCCPA case that had been removed by the defendant based upon diversity grounds. In its petition for removal, the defendant argued that the fact that plaintiff was potentially entitled to punitive damages assisted the defendant in meeting the federal court's jurisdictional threshold of $75,000.  While Judge Whittemore accepted the premise that a punitive damage claim *could* be used to meet the jurisdiction requirements of the Court, he held that plaintiff's assertion that "Defendant's representatives intentionally and willfully harassed Plaintiff in an abusive manner on numerous occasions by attempting to collect a debt that the Defendant knew plaintiff did not owe [failed to] demonstrate entitlement to punitive damages."

### III. CONCLUSION

Plaintiff cannot overcome the adversary complaint's fundamental defects and this case should be dismissed with prejudice.

WHEREFORE, BAC respectfully requests that the Court to enter an order dismissing this case, and granting such other and further relief as is equitable and just.

**AKERMAN SENTERFITT**

*/s/ Edmund S. Whitson, III*
EDMUND S. WHITSON III
Florida Bar No.:  897272
edmund.whitson@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, Florida  33602
Telephone:  813-223-7333
Facsimile:  813-223-2837

and

WILLIAM P. HELLER
Florida Bar No.:  987263
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Fort Lauderdale, Florida  33301-2229
Telephone:  954-463-2700
Facsimile:  954-463-2224

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 25, 2010, a true and correct copy of the foregoing Notice of Appearance was filed with the Clerk and furnished by ELECTRONIC NOTICING to: **Thomas A. Lash, Esquire**, LASH & WILCOX, PL, 4006 S. MacDill Avenue, Tampa, Florida 33611.

*Edmund S. Whitson, III*